J^EDWIN A. LOMBARD, Judge.
The plaintiff/appellant, Vicki Coudrain Lanza (“Ms. Coudrain”), appeals the trial court judgment of March 7, 2002, which held that the State Farm agency operated by defendant/appellant, Louis Lanza (“Mr. Lanza”), including any income earned after the Petition For Divorce was filed, is neither community property nor property subject to partition. After review of the record, the applicable law, and the arguments of the parties, we affirm the trial court judgment in part and reverse in part, and remand this matter for further proceedings consistent with this opinion. ,

Pertinent Facts

Ms. Coudrain and Mr. Lanza were married on August 1, 1975. On January 23, 1981, Mr. Lanza entered an agreement with State Farm to become a State Farm agent, establishing the “Lou Lanza State Farm Insurance Agency” (“the Agency”). Ms. Coudrain helped Mr. Lanza with the business during the marriage. The couple *891 separated in November 1996, and Ms. Coudrain filed the Petition For Divorce on September 11, 1997. After the parties lived apart for the requisite period of time in accordance with La. Civ.Code art. 103(1), a Consent Judgment of Divorce was entered on August 12, 1998. The parties were unable to reach agreement as to the | ¡^partition of the community property, particularly as to whether the Agency was community property or property subject to partition, and, accordingly, a three day trial (over the course of four months) was held by the trial court to determine “whether the State Farm agency managed by Louis Lanza or any benefits derived there from are community property subject to partition.” After finding that “the State Farm agency is a non-entity” and “not a ‘thing’ which is subject to partition,” the trial judge rendered judgment in favor of Mr. Lanza on March 7, 2003, with the decree that the Agency, “including any income earned by Mr. Lanza after the filing of the Petition for Divorce, is not property subject to partition, nor is it community property to which [Ms.] Coudrain holds an ownership interest.” (Emphasis added.) Ms. Coudrain appeals this judgment.

Discussion

Ms. Coudrain raises two assignments of error on appeal: (1) the trial court erred as a matter of law in holding that the Agency was neither property subject to partition nor community property in which Ms. Coudrain holds an ownership interest; and (2) the trial court erred as a matter of law in holding that the income generated by the Agency after the filing of the Petition for Divorce was neither property subject to partition nor community property in which she holds an ownership interest.

Standard of Review

A trial court’s findings regarding the nature of the property as community or separate is a factual determination subject to manifest error review. Ross v. Ross, 2002-2984, p. 18 (La.10/21/03), 857 So.2d 384, 395.
| «Assignment of Error No. 1
First, Ms. Coudrain argues that, pursuant to La. Civ.Code art. 2369.3, the Agency is a community enterprise and, as such, its value and assets are subject to partition as community property. Article 2369.3, entitled “Duty to preserve; standard of care,” provides as follows:
A spouse has a duty to preserve and to manage prudently former community property under his control, including a former community enterprise, in a manner consistent with the mode of use of that property immediately prior to termination of the community regime. He is answerable for any damage caused by his fault, default, or neglect.
A community enterprise is a business that is not a legal entity.
The appellant contends that the term “community enterprise,” as it appears in Article 2369.3, should be broadly interpreted to circumvent the traditional definition of property under the Louisiana Civil Code, as well as the specific terms of the contract between Mr. Lanza and State Farm, to find that the Agency is subject to partition or inclusion in the community property regime in this case. Neither Louisiana jurisprudence nor legislative history supports this novel analysis, however.
Article 2369.3 was enacted in 1995 to impose an affirmative duty on the spouse in control of former community property to preserve and manage it and to create a higher standard of care in managing community property after termination of a community regime when there is no longer an assumption that the spouse in control of the property will act in the best interest of both spouses. As such, this article per *892 tains to accountings between spouses as to the community property and application of provisions governing co-ownership of former community property. La. Civ.Code art. 2369.3, commentary (a). Thus, for purposes of imposing this duty and higher standard of care, the article inserted the term “community | ¿enterprise” in recognition of the fact that a “business as a collective of things, although it has no juridical personality, continues after termination of the community regime....” La. Civ.Code art. 2369.3, commentary (b). Accordingly, if it were determined that the Agency was community property or that Ms. Coudrain held an ownership interest in the Agency, Mr. Lanza would be held to a higher standard of care in his management of the Agency after the Petition of Divorce was filed.
In this case, however, although it appears that Ms. Coudrain substantially contributed to building the Agency’s clientele, only Mr. Lanza entered into the contract with State Farm and that contract specifically provides that Mr. Lanza does not own or have any vested interest in the Agency bearing his name. Accordingly, we find no error in the trial judge’s determination that the Agency is a non-entity and not a “thing” under the Louisiana Civil Code subject to partition.

Assignment of Error No. 2

Alternatively, Ms. Coudrain argues that the trial court was erroneous in finding that she was not entitled to an interest in renewal commissions generated after the termination of the community on policies first written during the community’s existence. Based on Ross, supra, issued shortly after the trial judge rendered her decision in this case, we are inclined to agree.
In Ross, the Louisiana Supreme Court addressed the issue of whether renewal commissions received by a State Farm agent on insurance policies written before the existence of the community are the result of labor, skill or industry are “property” from which the State Farm agent derives civil fruits which may fall within the Louisiana community property regime. After an extensive review of the historical background of the concept of “fruits” in Louisiana and the rights of | ^spouses with regard to fruits under the Louisiana community property regime, the Ross Court determined that the renewal of a pre-exist-ing State Farm insurance policy constitutes a juridical act and, thus, a thing under La. Civ.Code art. 551 from which civil fruits may be derived and that “if the renewal commissions are the result of the State Farm agent’s effort, skill, or industry during the existence of the community property regime, the renewal commissions, or a at least a portion thereof, are community property.” Ross, p. 13, 857 So.2d at 392. Accordingly, under Ross, Ms. Coud-rain is entitled to at least a portion of the renewal commissions from policies written during the existence of the community property regime. See also La. Civ.Code art. 2339 (natural and civil fruits of separate property produced during the existence of the community property regime are community unless a spouse reserves them as his separate property in a declaration made by authentic act or an act under private signature duly acknowledged).
Mr. Lanza argues, however, that under his contract with State Farm, he receives only a salary and does not receive renewal commissions from State Farm. The Ross Court did not review specifically the language of the State Farm contract, noting only that Mr. Ross, like Mr. Lanza, was an independent insurance agent with State Farm and operated a State Farm agency bearing his name, but did reject the contention that renewal commissions could be deemed salary. Accordingly, to the extent *893 that the standard State Farm contract may be interpreted to circumvent basic concepts of Louisiana property law and the rights of spouses with regard to fruits under the Louisiana community property regime, it is against public policy and, therefore, unenforceable. See La. Civ. Code art. 1968; La. Civ.Code art. 1971.
| Conclusion
For the foregoing reasons, we affirm the judgment of the trial court with respect to the determination that the Agency is not property subject to partition or community property to which Ms. Coudrain holds an ownership interest. We reverse the judgment with respect to whether “any income earned by Mr. Lanza after the filing of the Petition of Divorce” is property subject to partition or community property to which Ms. Coudrain holds an ownership interest. We remand this matter for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.